**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 13-CR-878-1 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| DAVID CARTER | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's motion for judgment of acquittal [83]. For the reasons set forth below, Defendant's motion is denied.

**I.     Background**

On October 13, 2014, Defendant David Carter was charged in a two-count indictment with escaping from the Salvation Army while in the custody of the Attorney General in violation of 18 U.S.C. § 751(a) (Count I) and attempting to rob the Community Bank of Chicago, Illinois in violation of 18 U.S.C. § 2113(a) (Count II). Defendant pled guilty to Count I and went to trial on Count II.

On November 20, 2014, a jury found Defendant guilty of attempted bank robbery [79]. On that same day, the Court entered a judgment on the jury's findings and set a post-trial briefing schedule for the parties [78]. Now before the Court is Defendant's post-trial motion for judgment of acquittal [83], where Defendant argues that the evidence presented in this case fell short of proving beyond a reasonable doubt all of the elements of the offense charged.

At trial, the government presented evidence that on June 14, 2013, Defendant entered the Community Bank of Chicago, Illinois and handed bank employee Ms. DeLuna a note that demanded at least $20,000 and contained the word "shoot." Ms. DeLuna responded by telling the Defendant that they did not keep money in that part of the bank, which prompted Defendant to leave. At trial, Ms. DeLuna testified that she experienced fear during her encounter with

Defendant based on the fact that (a) the note had the word "shoot" on it, (b) Defendant never took his hands off of the note while he presented it to her, and (c) defendant appeared to be under the influence of a mood-altering substance, perhaps alcohol. Another bank employee, Ms. Bryce, testified that Ms. DeLuna appeared scared while reading Defendant's note, and that after Defendant walked away from Ms. DeLuna, she said to Ms. Bryce, "he just threatened to shoot me."

Before trial, Defendant moved the Court to exclude evidence of his intoxication from the jury. The Court denied the motion, finding that Defendant's actions, "including the way [he] walked, stood, talked (including the tone and volume of his voice), dressed, and comported himself in general," were "squarely at issue" in this case. *United States v. Carter*, 2014 WL 5023469, at *5 (N.D. Ill. Oct. 7, 2014). The Court clarified that Defendant "[would] not be able to use his intoxication as a defense to the attempted robbery charge," but rather that "evidence of [his] drunkenness goes to whether he could have intimidated a reasonable person under the circumstances." *Id.* at *6.

## II.     Legal Standard

Motions for acquittal are governed by Federal Rule of Criminal Procedure 29, which says that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Cr. P. 29(a). The district court must determine "whether at the time of the motion there was relevant evidence from which the jury could reasonably find [the defendant] guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government * * * bear[ing] in mind that 'it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences.'" *United States v. Reed*, 875 F.2d 107, 111 (7th Cir. 1989) (quoting *United States v. Marquardt*, 786 F.2d 771, 780 (7th Cir. 1986) (alterations in

2

original)). Because of this deferential standard, a defendant who requests a judgment of acquittal under Rule 29 "faces a nearly insurmountable hurdle." *United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999).

## III. Analysis

To convict for the crime of attempted bank robbery, the government must prove, *inter alia*, that the defendant acted "by force and violence, or by intimidation." 18 U.S.C. § 2113(a). Here, the government argued at trial that Defendant's attempted bank robbery was accomplished by intimidation, not by force or violence, and the jury convicted Defendant on that basis. Defendant argues that the government failed to prove actual intimidation, requiring acquittal.

Intimidation under § 2113(a) is defined as "'saying or doing something in such a way as would place a reasonable person in fear.'" *United States v. Thornton*, 539 F.3d 741, 747 (7th Cir. 2008) (quoting *United States v. Burnley*, 533 F.3d 901, 903 (7th Cir. 2008)). "Intimidation is the threat of force, which 'exists in situations where the defendant's conduct and words were calculated to create the impression that any resistance or defiance * * * would be met with force.'" *Id.* (quoting *Burnley*, 533 F.3d at 903). The intimidation inquiry is an objective one: "would the defendant's words or acts cause an ordinary person to reasonably feel threatened under the circumstances." *Id.* (citing *United States v. Clark*, 227 F.3d 771, 775 (7th Cir. 2000)).

The government had the burden at trial to show that a reasonable person would have felt threatened by Defendant during his attempted bank robbery on June 14, 2013. At trial, Ms. DeLuna—the bank employee to whom Defendant handed his demand note—testified that she experienced fear during her encounter with Defendant based on the fact that (a) Defendant's note had the word "shoot" on it, (b) Defendant never took his hands off of the note while he presented it to her, and (c) Defendant appeared to be under the influence of a mood-altering substance, perhaps alcohol. Additionally, Ms. DeLuna's coworker, Ms. Bryce, testified that

Ms. DeLuna appeared scared while reading Defendant's note, and that after Defendant walked away from Ms. DeLuna, she said to Ms. Bryce, "he just threatened to shoot me." The witnesses' factual accounts were consistent, and Defendant did not present any evidence that would call the credibility of these witnesses into question.

Instead, Defendant argues that Ms. DeLuna's actions and her dialogue with Defendant show that she did not feel compelled to comply with Defendant's demand, and thus likely did not feel that her refusal would be met with physical force. In other words, Defendant implies that if Ms. DeLuna were truly intimated, she would have complied with the demand and given Defendant the $20,000 that he requested. [83, at 3–4.] Defendant relies heavily on the facts in *Thornton*, where the Seventh Circuit noted that "'[c]redibly implying that a refusal to comply with a demand for money will be met with more forceful measures is enough' to prove intimidation." *Thornton*, 539 F.3d at 748 (quoting *Burnley*, 533 F.3d at 903). Defendant's argument is not persuasive.

First, in *Thornton*, the fact that the bank tellers "felt compelled to comply" with the defendant's demand was *sufficient* to establish intimidation, not *necessary*. *Id.* at 749. Indeed, the *Thornton* court relied on other Seventh Circuit cases where the court found that a defendant's "mere demand that [the bank employee] give him money not belonging to him is behavior that may rise 'to the level of intimidation,'" without any mention of whether the employee felt compelled to comply with the defendant's demand. *Id.* (citing *United States v. Clark*, 227 F.3d 771, 775 (7th Cir. 2000)). Second, Defendant does not cite to any cases where facts similar to these were deemed insufficient to establish intimidation (even under an objective standard), let alone any cases reversing a jury's conviction and acquitting a defendant on similar facts. And third, Ms. DeLuna did not refuse to comply with Defendant's demand; Ms. DeLuna testified that

4

she told Defendant that there was no money in her area of the bank, which appears to be an undisputed fact. In other words, Ms. DeLuna was not lying to Defendant or dismissing his demand, but rather responding truthfully in the face of Defendant's threat, thus distinguishing this case from the facts in *Thornton*.

Defendant also argues that "[g]iven [his] intoxicated appearance, he was incapable of credibly implying that a refusal to comply with his demands would result in more forceful measures." [83, at 5.] The Court disagrees. Not surprisingly, Defendant cites no case law in support of this contention. In addition, this argument is contrary to this Court's prior order, holding that evidence of intoxication is relevant for determining whether and to what extent Defendant could have intimidated a reasonable person under the circumstances. *Carter*, 2014 WL 5023469, at *6. It also is belied by the trial testimony of the bank employees and unsupported by the video evidence, which did not depict an incapacitated individual (*e.g.*, one who was badly staggering or falling down drunk).

In sum, the jury had ample evidence from which to determine that a reasonable person would have felt intimidated by Defendant's actions. Thus, Defendant's motion for acquittal must be denied.

**IV.  Conclusion**

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal [83] is denied.

Dated: March 6, 2015

Robert M. Dow, Jr.
United States District Judge

5